

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 12 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER TRIPLETT, Individually and**        **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                              No. 4:19-cv-_893 - BRW_

**DELI PARTNERS, LLC; HARVEY NORTH LITTLE**        **DEFENDANTS**
**ROCK, LLC; DELI PARTNERS OF NORTH LITTLE**
**ROCK, LP; and BOURKE C. HARVEY**        This case assigned to District Judge _Wilson_
                              and to Magistrate Judge _Deere_

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Christopher Triplett ("Plaintiff"), individually and on

behalf of all others similarly situated, by and through his attorney Josh Sanford of

Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action

against Deli Partners, LLC, Harvey North Little Rock, LLC, Deli Partners of North

Little Rock, LP, and Bourke C. Harvey (collectively "Defendants"), does hereby

state and allege as follows:

### I.      JURISDICTION AND VENUE

1.      Plaintiff, individually and on behalf of all others similarly situated,

brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et*

*seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorneys' fees

as a result of Defendants' failure to pay Plaintiff and all others similarly situated

delivery drivers the legal minimum hourly wage and overtime compensation for

all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

3.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendants conduct business within the States of Arkansas, Minnesota, Oklahoma and Texas operating restaurant establishments under the name Jason's Deli.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim herein occurred in the district.

## II.    THE PARTIES

7.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8.      Plaintiff is a resident and citizen of Saline County.

9.     Within the three years preceding the filing of this Complaint, Plaintiff was employed as an hourly-paid delivery driver by Defendants.

10.    At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

11.    Defendant Deli Partners, LLC ("Deil Partners"), is a limited liability company registered in Texas, and may be served with process on its registered agent, Bourke C. Harvey, at 1608 Rogers Road, Fort Worth, Texas 76107.

12.    Defendant Deli Partners is a franchisee of Deli Management, Inc.

13.    Defendant Harvey North Little Rock, LLC ("HNLR"), is a domestic limited liability company, and it may be served with process on its registered agent Bourke C. Harvey at 4209 East McCain Boulevard, North Little Rock, Arkansas 72117.

14.    HNLR is a "Manager" of Deli Partners, according to Deli Partners' corporate filings.

15.    Defendant Deli Partners of North Little Rock Limited Partnership ("DPNLR"), is a domestic limited partnership.

16.    DPNLR's registered agent for service of process is Bourke C. Harvey, 4290 East McCain Boulevard, North Little Rock, Arkansas, 72117.

17.    According to Defendant DPNLR's corporate filings with the Arkansas Secretary of State, Harvey North Little Rock, LP, has the right to control DPNLR as a general partner. Upon information and belief, Harvey North Little Rock, LP, is the same entity as Harvey North Little Rock, LLC.

18.     Defendant Bourke C. Harvey ("Harvey") is an individual and resident and domiciliary of Arkansas.

19.     Harvey is an officer, incorporator and/or organizer of both HNLR and DPNLR.

20.     At all times relevant herein, Harvey managed and controlled the day-to-day operations of Deli Partners, HNLR and DPNLR, including but not limited to the decision to not pay Plaintiff a proper minimum wage for some or all hours worked.

21.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

22.     Upon information and belief, the revenue generated from Deli Partners, HNLR and DPNLR was merged and managed in a unified manner.

23.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

24.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

25.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in

interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as restaurant equipment and food products.

26.     Defendants were at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

27.     Defendants have all times relevant hereto employed four or more individuals.

## III.     FACTUAL ALLEGATIONS

28.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

29.     From September of 2019 until November of 2019, Plaintiff was employed by Defendants as an hourly-paid delivery driver.

30.     Defendants own and operate approximately nine Jason's Deli franchise restaurants in Arkansas, Minnesota, Oklahoma and Texas.

31.     Defendant's Jason Deli restaurants are part of a single integrated enterprise.

32.     At all relevant times, Defendants' stores shared common management and were centrally owned by Defendants.

33.     At all relevant times, Defendants maintained control over labor relations, policies, and procedures at Defendants' stores.

34.     During all relevant times, and upon information and belief, Defendants allowed employees to transfer or be shared by and between all of Defendants' Jason's Deli locations without retraining.

35.     Defendants have direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated delivery driver employees.

36.     During all relevant times, Defendants exercised operational control over the delivery drivers at Defendants' stores, including, but not limited to, control over recruiting and training of delivery drivers, compensation of delivery drivers, job duties of delivery drivers, reimbursements to delivery drivers, recruiting and training managers, design and layout of the restaurants, sales, and marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

37.     Defendants have substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

38.     Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

39.     At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited

to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

40.     Defendant Harvey is individually liable to Defendants' delivery drivers under the definitions of "employee" set forth in the FLSA, 29 U.S.C. § 203(d), and AMWA because he owns and operates the Jason's Deli restaurants, serves as a manager of Deli Partners, HNLR, and DPNLR (collectively "corporate Defendants"), controls significant aspects of corporate Defendants' day-to-day functions, and ultimately has control over compensation and reimbursement of employees.

41.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had financial control over the operations at each of the Jason's Deli restaurants owned by Defendants.

42.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey had a role in significant aspects of the day-to-day operations of the Jason's Deli restaurants owned by Defendants.

43.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had control over the pay policies of the Jason's Deli restaurants owned by Defendants.

44.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had power over personnel and payroll decisions at the Jason's Deli stores owned by Defendants, including but not limited to influence over delivery driver pay.

45.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had the power to hire, fire and discipline employees, including delivery drivers at the Jason's Deli restaurants owned by Defendants.

46.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had the power to stop any illegal pay practices that harmed delivery drivers at the Jason's Deli restaurants owned by Defendants.

47.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had the power to transfer the assets and liabilities of the Jason's Deli restaurants owned by Defendants.

48.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had the power to declare bankruptcy on behalf of the Jason's Deli restaurants owned by Defendant.

49.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had the power to enter into contracts on behalf of each of the Jason's Deli restaurants owned by Defendants.

50.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey has had the power to close, shut down, and/or sell each of the Jason's Deli restaurants owned by Defendants.

51.     At all relevant times, by virtue of his role as partner, incorporator and/or organizer of corporate Defendants, Harvey had authority over the overall direction of each of the Jason's Deli restaurants owned by Defendants, and was ultimately responsible for their operations.

52.     The Jason's Deli restaurants owned by Defendants function for Harvey's profit.

53.     Defendants are an "employer" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

54.     Defendants own and operate the Jason's Deli franchise located at 301 North Shackleford Road, Suite H1A, Little Rock, Arkansas 72211.

55.     During the period relevant to this lawsuit, Defendants classified Plaintiff and those similarly situated as hourly employees non-exempt from the overtime requirements of the FLSA.

56.     Some or all of Defendants' restaurants employ delivery drivers.

57.     Plaintiff and other delivery drivers employed by Defendants over the last three years have had essentially the same job duties, which were to deliver food items to customers, and complete various tasks inside the restaurant when they were not delivering orders.

58.     Defendants paid Plaintiff and other delivery drivers a rate at or close to Arkansas' minimum wage per hour.

59.     Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' food.

60.     Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

61.     Pursuant to such requirements, Plaintiff and other similarly situated employees purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendants.

62.     Defendants' stores do not track their delivery drivers' actual expenses nor do they keep records of all of those expenses.

63.     One or more of Defendants' stores did not reimburse delivery drivers for their actual expenses. In fact, none of Defendant's stores reimbursed delivery drivers for their actual expenses.

64.     One or more of Defendants' stores did not reimburse delivery drivers at the IRS standard business mileage rate. In fact, none of Defendants' stores reimbursed delivery drivers at the IRS standard business mileage rate.

65.     One or more of Defendants' stores did not reimburse delivery drivers at a reasonable approximation of the drivers' expenses. In fact, none of

Defendants' stores reimburse delivery drivers at a reasonable approximation of the drivers' expenses.

66.     According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2016:  54 cents/mile
> 2017:  53.5 cents/mile
> 2018:  54.5 cents/mile
> 2019:  58 cents/mile

67.     As a result of the automobile and other job-related expenses incurred by Plaintiffs and other similarly situated delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

68.     At all relevant times, Defendants have applied the same pay policies, practices, and procedures to all delivery drivers at their stores.

69.     All of Defendants' delivery drivers had similar experiences to that of Plaintiff.

70.     All of Defendants' delivery drivers were subject to the same reimbursement policy, or lack thereof; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle costs.

71.     Defendants' failure to reimburse their delivery drivers has resulted in systematic violations of the minimum wage laws.

72.     Plaintiff averaged approximately one delivery every one to two hours during a shift.

73.     The typical delivery was up to ten miles of driving.

74.     Plaintiff estimates that the average delivery was three miles away (six miles roundtrip).

75.     Thus in 2019, each six-mile delivery resulted in a kick-back to Defendants of $3.48 (6 miles x $0.58).

76.     Defendants also took deductions from the wages of Plaintiff and similarly situated delivery drivers for the costs of uniforms that bear the Jason's Deli logo.

77.     Plaintiff and similarly situated delivery drivers were required to wear uniforms with the Jason's Deli logo for Defendants' benefit.

78.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses and other job expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

79.     Defendants have willfully failed to pay minimum wage to Plaintiff and similarly situated delivery drivers at Defendants' stores.

80.     Defendants willfully failed to pay overtime wages to Plaintiff and other and similarly situated delivery drivers who worked more than forty (40) hours in a week during the time period relevant to this Complaint.

## IV.     **REPRESENTATIVE ACTION ALLEGATIONS**

81.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

82.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.      Minimum wages for the first forty (40) hours worked each week;

B.      Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

C.      Liquidated damages; and

D.      Attorney's fees.

83.     Plaintiff proposes the following class under the FLSA:

**All delivery drivers in the last three years.**

84.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

85.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

86.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.      They were classified by Defendants as non-exempt from the minimum wage and overtime requirements of the FLSA;

B.      They had substantially similar job duties, requirements, and pay provisions;

C.      They were required by Defendants to incur expenses to maintain vehicles for delivery of Defendants' products;

D.      They were subject to Defendants' common policy of not reimbursing delivery drivers for automobile expenses related to making deliveries for Defendants' restaurants;

E.      They did not receive a lawful minimum wage for the time spent making deliveries for Defendants' businesses.

87.     Plaintiff's claims are essentially the same as those of the FLSA Collective.

88.     Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the class exceeds fifty (50) persons.

89.     Defendants' unlawful conduct is pursuant to a corporate policy or practice.

90.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and time-and-a-half overtime wages for hours worked in excess of 40 per week.

91.     Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

92.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

93.     Defendants can readily identify the members of the class, which encompasses all delivery driver employees of Defendants' restaurants within the three-year period preceding the filing of Plaintiff's Complaint.

94.     The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

95.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

96.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

97.     At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

98.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

99.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty

(40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

100.   29 C.F.R. § 531.35 requires wages to be paid "free and clear," and specifically forbids "kick-backs" of wages directly or indirectly to the employer.

101.   During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

102.   Defendants paid Plaintiff at or close to minimum wage for all hours worked; however, Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff for the expenses.

103.   By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay at an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

104.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

105.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.    SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

106.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

107.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq*.

108.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

109.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

110.    During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

111.    Because Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff a minimum wage rate for all hours up to forty (40) in each one-week period and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

112.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

113.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including

reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VI.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

114.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

115.   Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

116.   At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

117.   During the period relevant to this lawsuit, Defendants classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

118.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

119.   29 C.F.R. § 531.35 requires wages to be paid "free and clear," and specifically forbids "kick-backs" of wages directly or indirectly to the employer.

120.   Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, and because Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff and the members of the FLSA collective a minimum wage rate for all hours up to forty (40) in each one week period and an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

121.   Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

122.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

123.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Triplett, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.      That each Defendant be summoned to appear and answer this Complaint;

B.      That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.      For orders regarding certification of and notice to the proposed collective action members;

D.      A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.      A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F.      Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G.      Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 216 in an amount equal to all unpaid minimum wage

compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the proposed class members during the applicable statutory period;

     I.    Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-218 and the relating regulations;

     J.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

     K.    Such other relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER TRIPLETT,
Individually and on Behalf of
All Others Similarly Situated,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


**CHRISTOPHER TRIPLETT, Individually and**                    **PLAINTIFF**
**on Behalf of All Others Similarly Situated**


vs.                                    No. 4:19-cv-


**DELI PARTNERS, LLC; HARVEY NORTH LITTLE**                    **DEFENDANTS**
**ROCK, LLC; DELI PARTNERS OF NORTH LITTLE**
**ROCK, LP; and BOURKE C. HARVEY**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid worker for Deli Partners, LLC, Harvey North Little Rock, LLC, Deli Partners of North Little Rock, LP, and Bourke C. Harvey within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for underlined unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.


**CHRISTOPHER TRIPLETT**

December 12, 2019


**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**